

# In the Missouri Court of Appeals
## Eastern District
**WRIT DIVISION FIVE**

| | | |
|---|---|---|
| STATE ex rel. BRANDT HEADRICK, | ) | No. ED108444 |
| | ) | |
| Relator, | ) | Writ of Prohibition |
| | ) | |
| vs. | ) | Circuit Court of Cape Girardeau County |
| | ) | Cause No. 17CG-CC00313 |
| HON. BENJAMIN F. LEWIS, | ) | |
| | ) | |
| Respondent. | ) | Filed: December 31, 2019 |

**OPINION**

Relator Brandt Headrick is the plaintiff in the underlying medical negligence action filed against St. Francis Medical Center ("Defendant"). Relator alleges that he fell and struck his head as a result of Defendant's negligence, and that he has consequently suffered total loss of his sense of smell and partial loss of his sense of taste. Defendant moved for Respondent Judge Benjamin F. Lewis to order that Relator submit to testing to determine whether and to what degree he has lost his senses of smell and taste. On October 9, 2019, Respondent ordered Relator to undergo "a test accomplished by swallowing or injection of a dye-like fluid in order to make an objective determination of [his] loss of smell and taste."

Relator filed with this Court a petition for a writ of prohibition asserting that Respondent exceeded his authority in ordering the test. Respondent answered and filed suggestions in opposition. We issued a preliminary writ of prohibition, and now dispense with further briefing and oral argument in accordance with Rule 84.24(i).

Respondent purported to order the test pursuant to the authority conferred by Rule 60.01, which provides in relevant part that a trial court may order a physical examination of a party in an action where that party's physical condition is in controversy. Relator contends, however, that Respondent failed to comply with the following requirements of subsection (a)(3) of Rule 60.01:

> Any order under this Rule 60.01(a) may be made only on motion for good cause shown, upon notice to the person against whom the order is sought and to all other parties. Such order shall specify the time, place, manner, conditions, scope of, and identity of each person conducting the examination or evaluation.

The pleadings alone are generally sufficient to meet the good cause and in controversy requirements where the condition is the subject matter of the suit or the basis for damages. *State ex rel. C.S. v. Dowd*, 923 S.W.2d 444, 447 (Mo. App. E.D. 1996). Indeed, a plaintiff, by asserting a mental or physical injury, "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964)).

However, even where the good cause requirement is met, Rule 60.01(a)(3) also directs that the court "shall specify the time, place, manner, conditions, scope of, and identity of each person conducting the examination . . . ." Looking to Respondent's order and the record here, we agree with Relator that Respondent exceeded his authority by failing to comply with this requirement to specify critical facts about the ordered examination. This procedural safeguard is no mere technicality, as it protects Relator's due process rights including his constitutional right to bodily integrity identified by the United States Supreme Court in such cases as *Washington v. Harper*, 494 U.S. 210, 221–222 (1990); *Winston v. Lee*, 470 U.S. 753, 760-62 (1985); and *Rochin v. California*, 342 U.S. 165, 165-74 (1952). And where, as here, the trial court has denied a party the full protections of Rule 60.01, we cannot conclude that the court acted within its authority.

There is no dispute that the testing Respondent ordered would be to some extent physically invasive, as it would require ingestion or injection of an unidentified substance described only as a "dye-like fluid." Relator has objected to the testing on the grounds that it may pose a health risk, though he cannot be certain of such since there was no evidence identifying the substance to be introduced into his body. Respondent, however, concluded that the test would only be "minimally invasive," on the grounds that there was no evidence before the court that the testing posed any known risk to Relator.

But Respondent failed to specify the "manner, conditions, [and] scope of" the ordered testing since he did not identify and the record contains no identification of the substance to be ingested by or injected into Relator. This was a critical piece of information without which Respondent could not possibly have ascertained the risks the testing posed to Relator. And while Rule 60.01 did not explicitly require Respondent to balance the risks to Relator against the probative value of the ordered testing, *cf., e.g.*, *Il Grande v. DiBenedetto*, 841 A.2d 974, 977, 981 (N.J. Super. Ct. App. Div. 2004)(applying New Jersey court rules requiring such balancing when ordering an independent medical examination over the objections of the party to be examined), Respondent's failure to identify the "dye-like fluid" involved in the testing ordered here vitiated the due-process protections that Rule 60.01 affords when it is followed as it is written.

We are also troubled by the paucity of evidence that the ordered testing will produce reliable results. The only record support for that notion is Defendant's assertion based on the representations of the doctor slated to perform the test that it "is very simple and reliable." But reliability sufficient to support expert conclusions at trial requires a showing of "reliable principles and methods and reliable application thereof." *State ex rel. Gardner v. Wright*, 562 S.W.3d 311, 319 (Mo. App. E.D. 2018)(citing § 490.065.2(1)(b)-(d))(noting requirements for admission of

expert testimony under amended statute). And there has been no substantive showing that the ordered testing will be administered according to reliable principles and methods here. Moreover, while Defendant asserts that "[t]he Rule does not require an exhaustive summary of the medical process," to require that a substance be identified that is to be ingested by or injected into Relator by court order, is not to demand an "exhaustive summary" of a testing procedure.

Therefore, we grant Relator's requested relief because Respondent acted in excess of his authority by failing to satisfy Rule 61.01(a)(3)'s requirement to specify critical details of the ordered testing. The preliminary order in prohibition is made permanent and respondent is prohibited from enforcing his order of October 9, 2019.

_____
Angela T. Quigless, Presiding Judge

James M. Dowd, J., concurs.

Kurt S. Odenwald, J., concurs.

4